# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TIMOTHY L. YOUNGBLOOD, B02004, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 20−cv−00066−SMY |
| CATHERINE FITCH and DEANNA BROOKHART, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy Youngblood, an inmate at Lawrence Correctional Center ("Lawrence"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims relating to restrictions on his ability to consult confidentially with his attorney. He seeks monetary damages and injunctive relief.

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations: Plaintiff currently has a pending civil case in this Court, *Youngblood v. Wexford Health Sources et al.*, 3:18-cv-01723-SMY.[1] Counsel was

---

[1] Plaintiff also has a second pending case, *Youngblood v. Illinois Department of Corrections, et al.*, 3:17-cv-00807-MAB.

1

appointed for Plaintiff on May 9, 2019. On July 29, 2019, Plaintiff was visited at Lawrence by his attorney and two staff members from his law firm. (Doc. 1, p. 6). During the course of this meeting, Fitch, a correctional officer supervising the visiting room, entered the room and interrupted to inform the attorney that Plaintiff was not allowed to directly call him. (*Id.*). Plaintiff filed a grievance based on the incident, which Brookhart denied. (*Id.,* p. 8).

In addition to compensatory and punitive damages, Plaintiff requests a temporary restraining order, preliminary injunctive relief and permanent injunctive relief in the form of sound-proofing the attorney-client meeting rooms. (*Id.*, pp. 2, 8 and 10-12).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count at issue in this action:

> **Count 1:** **First Amendment claim against Defendants Fitch and Brookhart for denial of access to courts for interfering with a confidential meeting between Plaintiff and his counsel.**

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

### Discussion

Plaintiff suggests that his right to access of courts was compromised in two ways: first, that Fitch's interruption of his conference with his legal team interfered with his right to confidential communication with his attorney on July 29, 2019; and second, that having corrections officers like Fitch able to overhear what is being said in attorney-client meetings interferes with prisoners' access to courts. Inhibiting private communication with an attorney may constitute a denial of meaningful access to the courts. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010);

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Dreher v. Sielaff*, 636 F.2d 1141, 1143 (7th Cir. 1980). However, a plaintiff must identify an underlying nonfrivolous claim that the prison officials' actions impeded. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996).

Here, Plaintiff does not claim to have suffered any harm as a result of either Fitch's actions or the lack of soundproofing of the conference rooms in general. His conclusory allegation that he "has been harmed as a result of Defendants' conduct" is insufficient. Moreover, an examination of the Court's docket shows that Plaintiff's other pending civil cases appear to be proceeding normally. Without some indication that an existing or potential claim has been prejudiced by Defendants' actions, Plaintiff fails to state a claim for denial of access to the courts.

Additionally, Plaintiff has failed to adequately allege personal involvement by Brookhart. He alleges only that she denied the grievance he filed. An allegation that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances, "who otherwise did not cause or participate in the underlying conduct[,] states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). In other words, personal involvement beyond the grievance process is necessary. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016). As such, Plaintiff has failed to state a viable claim against Brookhart.

## Requests for TRO or Preliminary Injunction

The Complaint includes prayers for a temporary restraining order ("TRO") and preliminary injunction. To obtain injunctive relief, whether through a TRO or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)).

3

As discussed above, Plaintiff has failed to state a claim in his Complaint. Thus, there is no likelihood he would succeed on the merits, and Plaintiff's requests for a TRO or preliminary injunctive relief are **DENIED without prejudice.**

**Disposition**

For the reasons stated, the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before February 21, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00066-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 24, 2020**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**