## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. YOUNGBLOOD, B02004, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20−cv−00066−SMY |
| CATHERINE FITCH and DEANNA BROOKHART, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy Youngblood, an inmate at Lawrence Correctional Center ("Lawrence"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims relating to restrictions on his ability to consult confidentially with his attorney. He seeks monetary damages and injunctive relief.

Upon the Court's screening of Plaintiff's original Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, the Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted (Doc. 10). Plaintiff timely filed a First Amended Complaint (Doc. 12) that is now before the Court for preliminary review under 28 U.S.C. § 1915A which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The First Amended Complaint**

Plaintiff makes the following allegations: Plaintiff currently has a pending civil case in this Court, *Youngblood v. Wexford Health Sources et al.*, 3:18-cv-01723-SMY.[1] Counsel was appointed for Plaintiff in that case on May 9, 2019. On July 29, 2019, Plaintiff was visited at Lawrence by his attorney and two staff members from his law firm. (Doc. 12, p. 6). During the course of this meeting, Fitch, a correctional officer supervising the visiting room, entered the room and interrupted to inform the attorney that Plaintiff was not allowed to directly call him. (*Id.*). Plaintiff filed a grievance based on the incident, which Brookhart denied. (*Id.*, p. 7-8). Plaintiff was subsequently subjected to retaliation for filing the grievance. (*Id.*).

In addition to compensatory and punitive damages, Plaintiff requests a temporary restraining order, preliminary injunctive relief and permanent injunctive relief in the form of sound-proofing the attorney-client meeting rooms. (*Id.*, pp. 2, 8 and 17).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate three Counts at issue in this action:

**Count 1:** **Sixth Amendment claim against Defendants Fitch and Brookhart for interference with a right to consult with counsel.**

**Count 2:** **Fourth Amendment search-and-seizure claim against Defendant Fitch for listening to Plaintiff's conversation with his attorney.**

**Count 3:** **First Amendment claim against Defendants Fitch and Brookhart for denial of access to courts for interfering with a confidential meeting between Plaintiff and his counsel.**

**Count 4:** **First Amendment claim for retaliation for filing a grievance.**

---

[1] Plaintiff also has a second pending case, *Youngblood v. Illinois Department of Corrections, et al.*, 3:17-cv-00807-MAB.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

Plaintiff claims his Sixth Amendment right to counsel was compromised by Defendants' actions. However, the Sixth Amendment only applies to criminal prosecutions. Plaintiff's cases are civil matters, and the Court, in its discretion, appointed counsel for Plaintiff under 28 U.S.C. §1915(e)(1) in 18-cv-01723-SMY. As such, no Sixth Amendment right is at issue and Count 1 will be dismissed.

Plaintiff's Fourth Amendment claim also fails. The Fourth Amendment right to privacy does not generally apply in the prison context. *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995). While the Fourth Amendment affords some protection against intrusive bodily searches. *See King v. McCarty,* 781 F.3d 889, 900 (7th Cir. 2015), the Court can find no authority to extend this exception to verbal statements made in a prison. To the extent the attorney-client privilege may create some expectation of privacy, it is more properly treated as an access-to-courts issue as discussed below. Therefore, Count 2 will be dismissed.

Count 3 also fails to viable state a claim. Plaintiff suggests that his right to access of courts was compromised in two ways: first, Fitch's interruption of his conference with his legal team interfered with his right to confidential communication with his attorney on July 29, 2019; and second, having corrections officers like Fitch able to overhear what is being said in attorney-client meetings interferes with prisoners' access to courts. Inhibiting private communication with an attorney may constitute a denial of meaningful access to the courts. *Guajardo-Palma v. Martinson*,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

622 F.3d 801, 802 (7th Cir. 2010); *Dreher v. Sielaff*, 636 F.2d 1141, 1143 (7th Cir. 1980). However, a plaintiff must identify an underlying nonfrivolous claim that the prison officials' actions impeded. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996).

Here, Plaintiff fails to state any actual impediment from either Fitch's interruption or the lack of soundproofing of the conference rooms in general. Plaintiff merely states, in conclusory fashion, that the defendants in his other pending civil cases obtained "an unfair advantage in defending themselves against his claims by the information that they received from Defendant Fitch." (Doc. 12, p. 10). Plaintiff gives no indication what information Fitch allegedly passed along or what impact it had. As the Court noted in its original Screening Order (Doc. 10), an examination of the Court's docket shows that Plaintiff's other pending civil cases appear to be proceeding normally. Plaintiff's conclusory statement of harm does not suffice, and he fails to state a claim.

Additionally, Plaintiff fails to adequately allege personal involvement by Brookhart. He alleges only that she denied the grievance he filed. An allegation that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances, "who otherwise did not cause or participate in the underlying conduct[,] states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). In other words, personal involvement beyond the grievance process is necessary. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016). As such, Plaintiff has failed to state a viable claim against Brookhart.

Finally, Plaintiff fails to state a claim for retaliation as he does not identify who allegedly retaliated against him or how. Simply stating that he was subject to retaliation does not state a claim. Accordingly, Count 4 will be is dismissed as well.

## Requests for TRO or Preliminary Injunction

The Amended Complaint includes requests for a temporary restraining order ("TRO") and preliminary injunction. To obtain injunctive relief, whether through a TRO or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)).

As discussed above, Plaintiff has failed to state a claim in his First Amended Complaint. Thus, there is no likelihood he would succeed on the merits, and Plaintiff's requests for a TRO or preliminary injunctive relief are **DENIED.**

## Disposition

For the foregoing reasons, Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted. While the Court may grant the plaintiff leave to amend a defective Complaint, leave need not be granted when further amendment would be futile. *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc*., 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id.*, failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc*., 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)." *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

Here, Plaintiff has repleaded the same facts and added only a conclusory allegation that the defendants in his other civil cases gained some unspecified advantage from Fitch's conduct. His

addition of inapplicable legal theories under the Fourth and Sixth Amendments do not suggest that further amendment would save the case. It is clear that giving Plaintiff leave to amend would be futile and therefore, the Court finds it appropriate to dismiss the case with prejudice for failure to state a claim.

Accordingly, it is hereby **ORDERED** that Counts 1-4 shall be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. No claims against any defendant survive this disposition. Plaintiff is advised that this dismissal shall count as one of his allotted strikes under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED: February 4, 2020**

s/ STACI M. YANDLE  
**United States District Judge**